**Pearl R. JOHNSON, Petitioner,**

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare, Respondent.**

**No. 73 C 1290.**

United States District Court,
N. D. Illinois, E. D.

Dec. 13, 1974.

J. Paige Clousson, Naphin, Banta & Cox, Chicago, Ill., for petitioner.

James R. Thompson, U. S. Atty., Chicago, Ill., for respondent.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes pursuant to the report and recommendations of a magistrate in accordance with Rule 1, subd. D (2)(a)(i) of the Magistrate Rules of the Northern District of Illinois.

This is an action brought pursuant to 42 U.S.C. §§ 405, 1395, for judicial review of a final decision of the Secretary of Health, Education and Welfare which denies payment of surviving divorced mother's benefits, disabled wage earner benefits and disabled widow's insurance benefits; 42 U.S.C. §§ 402 and 423.

The magistrate recommends that the final decisions of the Secretary be affirmed and that this Court enter an order granting defendant's motion for summary judgment.

It is the opinion of this Court that the report and recommendations of the magistrate are proper.

### PETITIONER'S FACTUAL BACKGROUND

1. Pearl R. Johnson, petitioner was born December 13, 1913 in Minnesota and presently resides in Elmhurst, Illinois. She was first married in 1936, which ended in divorce five years later. She married the deceased wage earner, Steve Johnson, on July 13, 1946. Approximately fifteen months later, on October 25, 1947, they were divorced.

2. During the marriage of petitioner and wage earner, one son, Steven Gerald, was born, on September 15, 1946. Subsequent to their divorce proceedings, another son, Keith Karl, was born to petitioner on October 6, 1949. The wage earner died in an airplane crash on October 4, 1958.

3. By the terms of the divorce decree, the petitioner waived her right to alimony and received $1,900 in cash and the right, title and interest in and to certain real estate in Villa Park, Illinois. Petitioner agreed to pay court costs, at-

torney's fees, and all existing current debts totally $569. Her husband, the wage earner, was ordered to pay for the support, maintenance and education of their minor child Steven in the amount of twenty dollars per week for fifty-two weeks and thereafter fifteen dollars per week.

4. Petitioner received $6,000 from a probable settlement, $7,000 from a whiplash personal injury settlement, and currently receives disability payments from the State of Illinois.

## SUMMARY OF PRIOR ADMINIS- TRATIVE PROCEEDINGS

Petitioner has filed several applications for support benefits since the death of her second husband. She has requested statutory status as a:

1. divorced mother for survivor's insurance benefits pursuant to 42 U.S.C. § 402; petitioner filed an application for benefits on November 5, 1965 wherein it is claimed the deceased wage earner contributed $4,800 per year to the children and to her, contributed twenty to thirty dollars weekly for groceries, and made irregular house payments;

2. disabled wage earner wherein the petitioner claims on her application, filed October 10, 1969, that she is within the recognized status of disability since April, 1966, because of chronic emphysema and whiplash; and

3. disabled widow for insurance benefits from the deceased wage earner's account whereby the petitioner claimed double lung collapse since July, 1958 and chronic whiplash.

The administrative decisions affecting these three applications for benefits demonstrate petitioner's failure to satisfy statutory status requirements.

Petitioner's disabled wage earner application of October 10, 1969 was disallowed because of insufficient earning quarters and that petitioner's physical impairment was not of such severity as to preclude her from substantial gainful economic activity.

Petitioner's disabled widow's application was denied because of petitioner's failure to prove that she had received either one-half support from the deceased wage earner at the time of his death, or had received substantial contributions from him based on a written agreement. A reconsideration of the previous decision held further that petitioner had not met the statutory requirements of being married twenty years to the deceased wage earner prior to the date of divorce. 42 U.S.C. § 416 (d)(1).

Petitioner's application for surviving divorced mother benefits was denied because petitioner had not been married to the wage earner for the required twenty years and that petitioner failed to demonstrate that she received one-half of her support from her former husband at the time of his death or that petitioner had a written agreement with the deceased wage earner which provided for her support, or a court order requiring the deceased wage earner to make support payments for the benefit of petitioner.

Petitioner requested rehearings on each application. The hearing examiner affirmed the prior disability decisions and the surviving divorced mother decision.

On April 1, 1968, petitioner commenced requests for review by the Appeals Council. The Appeals Council determined that the decisions of the hearing examiner did not warrant modification except as to the application for disabled wage earner benefits. The Appeals Council concluded that petitioner's application for disability benefits deemed within the statutory status of "disability" and that petitioner was to receive federal support commencing after March 9, 1971.

On October 10, 1969, petitioner requested a second review by the Appeals Council on her surviving divorced mother application. This request was denied

as was her second request for a second review on December 27, 1971.

## PRESENT PROCEEDINGS

On May 21, 1973, petitioner filed a petition requesting review of the decisions of the agencies under respondent's direction. In the petition for review, petitioner asserts:

1. petitioner is within the statutory status of "disability" under 42 U.S.C. § 423 because medical examinations and opinions confirm a severe physical disability and the State of Illinois determined petitioner to be disabled;

2. petitioner is within the requirements of a surviving divorced mother under 42 U.S.C. § 402 because the deceased wage earner contributed over one-half of her support during a specified period, because he did assume financial responsibility to her sons pursuant to a court order, and because he became obligated to provide support to petitioner through a loan;

3. petitioner deserves disability and surviving divorced mother's benefits because the respondent's agencies' decisions were arbitrary and capricious and an abuse of administrative discretion.

Respondent replied to the petition for review by filing a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. U. S. Magistrate Olga Jurco ruled on February 21, 1974, that respondent's motion for summary judgment was of merit and recommended that petitioner's petition for review be dismissed.

## PETITIONER FAILS TO ADEQUATELY DEMONSTRATE THAT RESPONDENT'S FINAL DECISION WAS ARBITRARY, CAPRICIOUS AND AN ABUSE OF ADMINISTRATIVE DISCRETION

First, petitioner contends that the Appeals Council erred in limiting wage earner disability payments to the period commencing after March 9, 1971. Petitioner asserts that her physical impairments came within statutory status of "disability" in April, 1966.

The instant issue is whether the Secretary's modified finding is supported by substantial evidence in the record as a whole.

■ The standard for review of agency decisions under the Social Security Act, 42 U.S.C. §§ 402, and 423, is limited to a determination of whether substantial evidence is contained in the record as a whole which would support the Secretary's decision. Payne v. Weinberger, 480 F.2d 1006, 1007 (5th Cir. 1973); Ingram v. Richardson, 471 F.2d 1268 (6th Cir. 1972); Jackson v. Richardson, 465 F.2d 998 (9th Cir. 1972); Lahr v. Richardson, 328 F.Supp. 996, 997 (N.D.Ill.1971), aff'd 476 F.2d 1088 (7th Cir. 1973); Chandler v. Celebrezze, 225 F.Supp. 1001, 1002 (S.D.Ill.1964). It is also well established that this standard prohibits a court from making its own appraisal of the evidence, but rather, instructs the court to critically analyze the justifiability of the Secretary's appraisal of the evidence in the record. Degner v. Celebrezze, 317 F.2d 819 (7th Cir. 1963); Chandler v. Celebrezze, *supra*.

■ To determine a claimant's qualifications or lack of qualifications for statutory "disability" status under 42 U.S.C. § 423(d), the Court considers:

1. clinical findings of treating and examining physicians on the existence of a medically determinable physical or mental impairment;

2. opinions of treating or examining physicians on subsidiary questions of facts relating to the severity of the medically determinable impairment;

3. testimony of the claimant, corroborated by his family and neighbors concerning the effect of the medically determinable impairment;

4. evidence of the claimant's educational background, work history and present age.

See Hope v. Secretary of Health, Education and Welfare, 347 F.Supp. 1048 (E. D.Tex.1972); Rolenaitis v. Richardson, 336 F.Supp. 1235 (E.D.Pa.1972) aff'd 475 F.2d 1396.

According to 42 U.S.C. § 423(d)(2) (A), (B), the Secretary was to determine whether the physical condition of petitioner prior to March 9, 1971 was:

". . . of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work."

█ It is the finding of this Court that the Secretary did not abuse administrative discretion in deciding that petitioner was not severely disabled prohibiting any substantial gainful occupation prior to March 9, 1971.

Petitioner was fifty-nine years old when the instant petition was filed. She had finished the sixth grade and had attended night school. She was employed, between 1961 and 1967, as a domestic or housekeeper in various households performing tasks of dusting, washing dishes, making beds, etc. She admits that she currently performs such household tasks at home and in addition, often drives her car and goes fishing and boating.[1]

Prior to March 9, 1971, petitioner has a medical history of spontaneous pneumothorax of the right lung and spontaneous lung collapse. However, this Court does not disagree with respondent that this medical condition disabled the petitioner to such a severe degree as to prohibit her from substantial gainful occupational activity prior to March 9, 1971. See Jeralds v. Richardson, 445 F. 2d 36 (7th Cir. 1971); Henry v. Gardner, 381 F.2d 191 (6th Cir. 1967); Adams v. Flemming, 267 F.2d 901 (2nd Cir. 1960); Gotshaw v. Ribicoff, 307 F.2d 840 (4th Cir. 1962).

Therefore, petitioner did not come within the statutory definition of a disabled wage earner or as a disabled widow under 42 U.S.C. § 423 prior to March 9, 1971.

█ Second, petitioner claims that respondent erred in considering her November 5, 1965 application as an application for surviving mother's benefits instead of surviving divorced wife's benefits.

Assuming that respondent did err in considering petitioner's application for divorced mother's benefits under 42 U.S. C. § 402, petitioner's application for surviving divorced wife's benefits is also without merit.

A surviving divorced wife is defined by 42 U.S.C. § 416(d)(2) as a woman divorced from an individual who has died, but only if she had been married to the individual for a period of twenty years immediately before the date the divorce became effective. This definition is applied by 42 U.S.C. § 402 as a requirement for qualifications for support payments.

The Secretary determined that the petitioner married the deceased wage earner on July 13, 1946 and approximately fifteen months later, on October 25, 1947, they were divorced. The Secretary included in his various decisions that petitioner could not qualify as a surviving divorced wife because of the failure of petitioner to fulfill the marriage duration requirements of 42 U.S.C. § 402.[2]

It is apparent that the Secretary ruled on both surviving divorced mother and

1. Transcript of hearing held before Thomas M. Walsh, a hearing examiner of the Bureau of Hearings and Appeals, Department of Health, Education and Welfare on December 8, 1971 at Chicago, Illinois; pp. 22, 23.

2. Decision of Wayne E. Black, Chief of the Reconsideration Branch, Department of Health, Education and Welfare, July 26, 1971, p. 2.

surviving divorced wife issues. This occurred because petitioner's application for § 402 benefits implied both categories.

The Secretary concluded that petitioner did not satisfy the surviving divorced mother status because of her failure to demonstrate sufficient support by the deceased wage earner.

Even though petitioner fails to satisfy the marriage duration requirement for surviving divorced wife status, her contentions alleging fulfillment of the support requirements deserves consideration.

Petitioner contends that the deceased wage earner contributed over one-half of her support prior to his death. However, the record does not contain sufficient evidence to corroborate the allegation in the application that she received $4,800 from the wage earner in the year prior to his death. The fact that he maintained two households, was in debt, and had to sign a note for a loan shortly prior to his death, mitigate against a conclusion that he contributed regular monthly payments in the amounts alleged by the petitioner.

Petitioner alleges that an oral agreement for support payments existed between her and the deceased wage earner, which satisfies 42 U.S.C. § 402. However, § 402 requires a written agreement to satisfy the qualification of support.

Finally, petitioner contends that a court order existed requiring the deceased wage earner to maintain support. However, this court order specified an obligation of the deceased wage earner to support his child, and not the petitioner. Since the statute requires a court order for the claimant's support, petitioner fails to satisfy this contingency.

Therefore, it is the opinion of this Court that the report and recommendations of the magistrate are proper and just.

Accordingly, it is hereby ordered that the final decision of the Secretary is affirmed and the respondent's motion for summary judgment is granted.