Pearl R. JOHNSON,
Petitioner-Appellant,

v.

Caspar WEINBERGER, Secretary of
Health, Education and Welfare,
Respondent-Appellee.

No. 75–1213.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 11, 1975.

Decided Oct. 29, 1975.

J. Paige Clousson, Chicago, Ill., for petitioner-appellant.

Samuel K. Skinner, U. S. Atty., Edward L. Koven, Asst. U. S. Atty., Chicago, Ill., for respondent-appellee.

Before FAIRCHILD, Chief Judge, HASTINGS, Senior Circuit Judge, and CAMPBELL, Senior District Judge.[*]

HASTINGS, Senior Circuit Judge.

We are basically concerned with the appeal of Pearl R. Johnson in which she claims that she was improperly denied certain benefits under relevant sections of the Social Security Act, 42 U.S.C. §§ 402 and 423.

Appellant was born December 13, 1913, and presently resides in Elmhurst, Illinois. She was married to Steve A. Johnson July 13, 1946, and was divorced from him October 25, 1947. One son, Steven G. Johnson, was born during this marriage, September 15, 1946. The parties continued to live together after the divorce and another son, Keith K. Johnson, was born to them October 6, 1949. Steve Johnson made some contributions for the support of appellant and their sons and also maintained another household with several children from a prior marriage until he was killed in an airplane crash October 4, 1958. After Steve Johnson's death appellant applied for and eventually received survivor benefits on behalf of her two sons.

At the time of the divorce proceedings, appellant waived her right to alimony.

She received $1,900 in cash and certain real estate which she subsequently used as her residence and as income producing property. She paid the expense of the divorce proceeding and outstanding debts of $569. Her husband was ordered to make monthly payments for the support and education of their minor child, Steven.

Following the death of her former husband, appellant received a settlement of $6,000 from his estate in a suit she brought against the estate alleging breach of contract to make a will, and a further sum of $4,000 which was to be paid in monthly payments for the support of the two minor sons. The estate also paid promissory notes cosigned by appellant and Steve Johnson. A whiplash injury to appellant in 1966 resulted in payment to her in 1970 of $7,000. She currently receives disability payments from the State of Illinois.

Appellant Pearl R. Johnson was 59 years of age in 1973. She had a sixth grade education and attended night school. She had worked in a supervisory job at Douglas Aircraft Company during World War II. She worked as a practical nurse in the 1930's. During the period 1961 through July 1967, she was employed as a domestic or housekeeper in private households, performing the usual tasks of that position. She stopped working in 1967 but continued to perform her own cooking and household duties. She did her own shopping, drove her car and her motor boat, and went fishing and boating.

Appellant's medically documented history as shown in the record reveals that she suffered spontaneous pneumothorax and collapse of the right lung in 1958, which was corrected by surgery. She may have had a similar occurrence in 1949. Her attending physician in 1958 stated that in 1959 he had indicated to the Illinois Public Aid Department that she should refrain from any work involving physical strain because of the prior

---

[*] Senior United States District Judge William J. Campbell of the Northern District of Illinois is sitting by designation.

lung collapses. He repeated this information to the state department on March 12, 1970. Another doctor reported to the department on February 12, 1971, that appellant came to see him in September 1970 regarding a foot injury and that on December 14, 1970, he diagnosed her condition as emphysema, angina pectoris and hypertension, and prescribed a low salt diet and medication to reduce her blood pressure. No clinical data was submitted by him in support of his diagnosis of angina pectoris or of emphysema. No medical or clinical data exists in the record on the 1966 whiplash injury. Other medical documentation was based on examination after appellant's subsequently determined disability date of March 9, 1971.

## I.

Appellant filed an application on October 16, 1958, for surviving child insurance benefits on behalf of her two sons. Subsequently, the application was allowed for both children, and it is no longer an issue in this matter.

The administrative proceedings from this point on become a bit confusing and ambiguous because of the interchange of applications filed and the considerations thereof. However, as relevant to the issues on this appeal, the following is a realistic appraisal of the administrative record.

On November 5, 1965, appellant filed for survivor benefits on her own account. This claim was treated as a surviving divorced wife claim and was initially disallowed because appellant did not meet the statutory definition of a surviving divorced wife. Under 42 U.S.C. § 416(d)(2), the term "surviving divorced wife" means a woman divorced from an individual who had died, but only if she had been married to that individual for a period of 20 years immediately before the divorce became effective. Appellant was so notified on January 7, 1966.

Reconsideration of this claim was granted on the additional grounds that appellant was the mother of Steve John-son's two minor sons and that she had received support from him prior to his death. Upon reconsideration, her claim was treated as one for surviving divorced mother benefits. Although appellant came within the definition of a "surviving divorced mother," as defined in 42 U.S.C. § 416(d)(3), her claim was again disallowed because she did not meet the support requirements of the then applicable statute, 42 U.S.C. § 402(g)(1)(F). These requirements were that claimant had been receiving at least one-half of her support from the deceased worker, or had been receiving substantial contributions from him pursuant to a *written agreement* or that there have been a *court order* in effect for substantial contributions from him at the time of his death. Appellant was informed of the decision on August 18, 1967. A hearing was held at her request. The hearing examiner denied the claim, and the Appeals Council affirmed his decision on May 7, 1968. Appellant took no further action at that time.

On October 10, 1969, appellant applied for disability benefits on her own record, claiming a disability due to chronic emphysema and whiplash injuries since 1966. On March 12, 1970, she again applied for survivor benefits as a disabled surviving divorced wife. The application was denied initially and on reconsideration; the two claims were then consolidated for hearing by the examiner and denied *in toto*. Appellant appealed and on April 28, 1972, filed with the Appeals Council a request to reopen the 1968 decision denying her surviving divorced mother benefits. The Appeals Council refused to reopen the denial of surviving divorced mother benefits because the request to reopen was not filed within four years after the administration's initial determination of the claim, as required by administration regulations. On the disability claim, the Appeals Council modified the examiner's adverse decision, finding that the evidence sufficiently established claimant's disability and entitlement to benefits beginning as of March 9, 1971, and not earlier. Other-

wise, the examiner was affirmed. This was the Secretary's final decision.

In summary, appellant received surviving child benefits for her two children and disability benefits on her own account beginning March 1971, and not earlier. Her claims for survivor benefits were disallowed.

## II.

On May 21, 1973, pursuant to 42 U.S.C. § 405(g), Mrs. Johnson filed this action for review of the Secretary's decision in the United States District Court for the Northern District of Illinois, the Honorable William J. Bauer, Judge, presiding. Under the rules of the district court, this cause was assigned to Magistrate Olga Jurco for a report and recommendation.

The magistrate considered the pleadings, motions and briefs, together with the administrative record filed in this cause. In a detailed report of some length, Magistrate Jurco recommended that the final decisions of the Secretary be affirmed and that the district court enter an order granting the Secretary's motion for summary judgment.

Exceptions were filed to the magistrate's report and recommendations, together with briefs. In a well-considered memorandum decision, the district court concluded that the report and recommendations of the magistrate were proper and just. *Johnson v. Weinberger*, N.D.Ill., 388 F.Supp. 777 (1974). Accordingly, on December 13, 1974, the court ordered that the final decision of the Secretary be affirmed and that the Secretary's motion for summary judgment be granted. Appellant appealed from the judgment orders and was granted leave to proceed *in forma pauperis*.

## III.

Appellant presents two issues on this appeal, the crux of which is whether there is substantial evidence on the record as a whole to support (1) the Secretary's decision to limit appellant's receipt of disability benefits on her own account to a period beginning March 9, 1971, and not earlier, and (2) the Secretary's decision to disallow appellant's claim for surviving divorced mother benefits because, prior to her former husband's death, he was not contributing over one-half of the amount required for her support.

## IV.

An individual claiming disability insurance benefit payments pursuant to 42 U.S.C. § 423(a)(1) is required to be "under a disability (as defined in subsection (d) of this section)." The term "disability" is defined in subsection (d)(1)(A) as meaning "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Under subsection (d)(3) such impairment is defined as one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Finally, under subsection (d)(5) it is further provided that an "individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require."

Appellant asserts that there is not sufficient evidence in the record as a whole to support the Secretary's modified finding that the Appeals Council did not err in limiting her disability entitlements to a period beginning March 9, 1971, and not earlier. She asserts that, because of her medically established history of chronic emphysema and whiplash injuries, her physical impairments came within the statutory status of "disability" in April 1966.

Review of agency decisions under 42 U.S.C. §§ 402 and 423 is limited to a determination of whether substantial evidence is contained in the record as a whole to support the Secretary's

decision. We may not make our own appraisal of the evidence. *Lahr v. Richardson*, 7 Cir., 476 F.2d 1088, 1090 (1973); *Chandler v. Celebrezze*, S.D.Ill., 225 F. Supp. 1001, 1002 (1964). If there is a conflict on the evidence, as in the case at bar, the burden is on the applicant to prove that she meets the requirements of eligibility. *Degner v. Celebrezze*, 7 Cir., 317 F.2d 819, 820–821 (1963). This is particularly so since the 1968 amendments to the Act.[1]

We have carefully reviewed appellant's medical history prior to March 9, 1971, which showed a spontaneous pneumothorax of the right lung with lung collapse. We have reviewed the findings of the Appeals Council, the Secretary, the report and recommendations of Magistrate Jurco and the memorandum opinion of Judge Bauer. Under the limited scope of our review and upon consideration of the record as a whole, we cannot say that the district court erred in finding and holding that the Secretary did not abuse his discretion in deciding that appellant was not so severely disabled as to be precluded from engaging in any substantial gainful occupation prior to March 9, 1971. In any event, we find and hold that there is substantial evidence in the record as a whole to support the Secretary's decision. See *Jeralds v. Richardson*, 7 Cir., 445 F.2d 36, 38–39 (1971).

■ As set out in his memorandum opinion, Judge Bauer considered the proper elements of proof to determine whether or not appellant qualified for statutory disability status under 42 U.S.C. § 423(d). The following were the guidelines the court considered:

"1. clinical findings of treating and examining physicians on the existence of medically determinable physical or mental impairment;

"2. opinions of treating or examining physicians on subsidiary questions of fact relating to the severity of the medically determinable impairment;

"3. testimony of the claimant, corroborated by his family and neighbors concerning the effect of the medically determinable impairment;

"4. evidence of the claimant's educational background, work history and present age." 388 F.Supp. at 780–81.[2]

After considering each element of appellant's proof, the Secretary concluded, and the district court agreed, that prior to March 9, 1971, appellant had not demonstrated by the objective medical and clinical evidence required by the Act that her various ailments were medically determinable impairments of sufficient disabling severity to entitle her to disability benefits under the Act. Compare *e. g.*, *Stark v. Weinberger*, 7 Cir., 497 F.2d 1092 (1974), with *Bledsoe v. Richardson*, 7 Cir., 469 F.2d 1288 (1972).[3]

■ On this basis, we find that the limitation of appellant's disability entitlements on her own account, in her application of October 10, 1969, to a period beginning March 9, 1971, and not earlier, is supported by substantial evidence

---

1. Act of January 2, 1968, Pub.L. No. 90–248, § 158(b), 81 Stat. 821, 868–869, *amending* 42 U.S.C. § 423 (Codified as 42 U.S.C. § 423(d) ).

2. See *Hope v. Secretary of Health, Education and Welfare*, E.D.Texas, 347 F.Supp. 1048, 1051 (1972); *Rolenaitis v. Richardson*, E.D.Pa., 336 F.Supp. 1235, 1237 (1972), *affirmed without opinion*, 3 Cir., 475 F.2d 1396 (1973).

3. The opinions in both cases cited were authored by Judge Stevens. In *Bledsoe*, the Secretary's decision disallowing a claim for disability benefits, though "carefully scrutinized," was upheld, over a vigorous dissent. In *Stark*, the Secretary's decision denying benefits was overturned, also over a strong dissent. These cases may illustrate the principle that the question at issue relates to the particular factual situation under consideration and therefore must be determined on a case by case basis.

on the record as a whole and should be affirmed. We find no warrant here for interposing any contrary appraisal of the evidence on our own behalf, even were we disposed to do so.

## V.

We may rather summarily dispose of the issue of whether there is substantial evidence on the record as a whole to support the denial of appellant's claim to receive divorced mother insurance benefits. It runs afoul of the equivalent of a statute of limitations.

Appellant's request to reopen the final decision in this respect is barred by Social Security Administration Regulations governing the reopening of final administration decisions. The regulations provide that an otherwise final administrative decision may be reopened within one year from the date of notice of the *initial determination* thereof for any reason, within four years from the date of notice of the *initial determination* thereof for good cause, and at any time when other conditions not here relevant exist. S.S.A. Reg. No. 4, 20 C.F.R. § 404.957 (1971).

In measuring the four-year period, both parties agree that the request for reopening was made on April 28, 1972. They disagree on the date of the initial determination of the claim. The Secretary contends the date of initial determination was January 7, 1966, when appellant's original claim was disallowed. Appellant correctly points out that her original claim was one for divorced wife benefits, not for divorced mother benefits, and that it was administratively decided as such in the January 1966 decision. She further contends that the first de-

termination of her claim for divorced mother benefits was in response to her second application for survivor benefits in 1970.

The confusion arises from the ambiguity in appellant's applications and in the administration's decisions. The actual date of the initial determination of the claim for surviving divorced mother benefits appears to be August 16, 1967, the date of the administrative reconsideration of her original claim. The facts set forth in appellant's request for reconsideration tended to support a claim for divorced mother rather than divorced wife benefits. The administration consistently treated her claim as such in its reconsideration determination and in the subsequent examiner hearing and Appeals Council action. Appellant was notified of the reconsideration determination on August 18, 1967.

We hold that appellant's 1972 request to reopen that decision was properly denied since it was made after the four-year period permitted by the regulation had expired. There was sufficient evidence in the record as a whole to support this finding. The judgment order on this issue will be affirmed. As a consequence, we do not reach other subsidiary issues determined by the district court.

In sum, finding no prejudicial error in the memorandum opinion of the learned district court, the judgment orders appealed from are affirmed.

Affirmed.