Robert G. BACK, Plaintiff,

v.

Margaret HECKLER, Secretary of Health and Human Services, Defendant.

No. S 82–423.

United States District Court, N.D. Indiana, South Bend Division.

April 22, 1983.

Steven J. Henry, Michigan City, Ind., for plaintiff.

R. Lawrence Steele, U.S. Atty., Hammond, Ind., for defendant.

## MEMORANDUM AND ORDER

SHARP, Chief Judge.

This is an action for judicial review of a final decision of the defendant Secretary of Health and Human Services simultaneously denying plaintiff's applications for a period of disability and disability insurance benefits pursuant to Title II, Section 216(i) and 223 of the Social Security Act (hereinafter Act), and for Supplemental Security Income (hereinafter SSI) pursuant to Title XVI of the Act. 42 U.S.C. §§ 423, 1381 et seq.

Plaintiff filed applications for a period of disability and disability insurance benefits and for SSI on October 16, 1975 (Tr. 58–61, 64–67), alleging that he became unable to work February 1, 1975 at age 38. A period of disability was established for plaintiff (Tr. 138–139) but on November 17, 1978 plaintiff was notified that recent evidence made it appear that he had regained the ability to engage in substantial gainful activity in September 1978 (Tr. 146–147). Upon reconsideration, that determination was affirmed (Tr. 149–152), after the Indiana State Agency, upon evaluation of the evidence by a physician and a disability examiner, had found that plaintiff was no longer under a disability. The Administrative Law Judge (hereinafter ALJ), before whom plaintiff appeared, considered the case de novo, and on October 29, 1979, found that plaintiff was no longer under a disability (Tr. 217–222). This decision was not timely appealed. It then became final and binding, and is not now before the Court for its review of the present claims

for benefits. *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).

Plaintiff filed applications for a period of disability and disability insurance benefits and for SSI on September 9, 1980 and November 15, 1980, alleging that he became disabled and unable to work on December 31, 1978, at age 42 (Tr. 223–226, 227–230). The applications were denied initially (Tr. 270–271, 274–275) and on reconsideration (Tr. 234–236) by the Office of Disability Operations upon evaluation of the evidence by a physician and a disability examiner from the Indiana State Agency. The ALJ before whom plaintiff and his attorney appeared, considered the case *de novo,* and on April 28, 1982, found that plaintiff was not under a disability (Tr. 6–12). The decision of the ALJ became the final decision of the Secretary of Health and Human Services when the Appeals Council approved it on April 28, 1982 (Tr. 5).

To qualify for a period of disability and disability insurance benefits under Sections 216(i) and 223 of the Social Security Act, an individual must meet the insured status requirements of these Sections, be under age 65, file an application for disability insurance benefits and a period of disability, and be under a "disability" as defined in the Act. 42 U.S.C. § 416(i); 42 U.S.C. § 423.

In order to qualify for SSI benefits on the basis of disability under Section 1602 of the Act, 42 U.S.C. § 1381a, an individual must file an application for SSI benefits based on disability, and he must be an "eligible individual" as defined in the Act.

With respect to the present action, the term "eligible individual" is defined in Section 1611(a) of the Act, 42 U.S.C. § 1382(a), as follows:

(1) Each ... disabled individual who does not have an eligible spouse and—
(A) whose income, other than income excluded pursuant to Section 1612(b), is greater, the amount not more than $1,752 (or if greater, the amount determined under Section 1617) for the calendar year 1974 or any calendar year thereafter, and

(B) whose resources, other than resources excluded pursuant to Section 1613(a), are not more than (i) in case such individual has a spouse with whom he is living, $2,250, or (ii) in case such individual has no spouse with whom he is living, $1,500, shall be an eligible individual for purposes of this title.

The term "disabled individual" as used in Section 1611(a) of the Act is defined in Section 1614(a), 42 U.S.C. § 1382c(a), in essentially the same way as under Title II, 42 U.S.C. § 423, quoted above.

Establishment of a disability which would entitle plaintiff to benefits under the Social Security Act is a two-step process. First, there must be a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months; and second, there must be a factual determination that the impairment renders the plaintiff unable to engage in any substantial gainful employment. 42 U.S.C. § 423(d)(1)(A), (2)(A); 42 U.S.C. § 1382c(a)(3)(A), (B); *Lieberman v. Califano,* 592 F.2d 986 (7th Cir.1979).

It is settled law that the burden of proof rests upon the plaintiff to establish entitlement to disability benefits under the Social Security Act. *Johnson v. Weinberger,* 525 F.2d 403 (7th Cir.1975).

Plaintiff was born on December 18, 1936 and has a high school education (Tr. 27, 30). Plaintiff was formerly employed as a security supervisor, insurance agent, and security attendant, and he served in the Army (Tr. 223). Plaintiff alleges disability due to pulmonary emphysema (Tr. 223). After a careful review of plaintiff's alleged disabling impairment, a finding of "not disabled" was entered by the ALJ.

Plaintiff's medical history reveals that Mr. Back was examined by Dr. Potti in April 1981 (Tr. 277–285). An electrocardiogram taken during the examination showed no gross abnormalities. Plaintiff's motion and sensory functions were also normal. Pulmonary function tests were performed

upon the plaintiff. The results of the tests revealed that Mr. Back's forced vital capacity was 3.87 with improvement to 4.09 after bronchodilators. $FEV_1$ was 1.85 and MVV was 57.3. It must be noted that the findings revealed by the pulmonary function tests rank significantly higher than the showings called for in the "Listings". 20 C.F.R., Subpart P, Appendix 1 (1982).

The plaintiff, in this case must meet the requirements of category 3.02 of the "Listings" in order to qualify for benefits. Category 3.02, "Chronic obstructive airway disease," requires that a showing of MVV 42 or less with a $FEV_1$ of 1.3 or less is necessary for a person of Mr. Back's height to be considered disabled within the meaning of the Act. Mr. Back's MVV reading of 57.3 and $FEV_1$ of 1.85 clearly fails to fall within the "disabled" category of the "Listings."

Plaintiff submitted a letter from Dr. Fromm, a pulmonary specialist, dated January 7, 1982. Dr. Fromm diagnosed the plaintiff as having chronic obstructive lung disease. Dr. Fromm, however, failed to indicate the degree of severity associated with the plaintiff's problem (Tr. 296).

Plaintiff also submitted a medical report subsequent to the hearing. The report, dated March 18, 1982, was from Dr. Gabato, plaintiff's treating physician (Tr. 297–303). Dr. Gabato diagnosed the plaintiff as having chronic obstructive pulmonary disease, chronic bronchitis and pulmonary emphysema. He opined that plaintiff's impairment was moderately severe. It is interesting to note that the ALJ reviewed the medical findings in both Dr. Gabato's report and the report of Dr. Potti, which was mentioned earlier, and discovered that plaintiff's treating physician's findings indicate a less obstructive condition than that shown in Dr. Potti's tests (Tr. 6–12).

After a careful review of the record, the Secretary found that Mr. Back retains the residual functional capacity to engage in sedentary work. 20 C.F.R. §§ 404.1567(a), 416.967(a) (1982). Pursuant to the regulations, the Secretary took administrative notice of the variety and number of sedentary jobs which exists in the national economy.

Sections 404.1566(d) and 416.966(d) take notice and rely upon job information which is made available from various governmental and other publications. 20 C.F.R. § 404.-1566(d), 416.966(d) (1982). The ALJ cited the following sources of reliable job information: "Dictionary of Occupational Rules", published by the Department of Labor; "County Business Patterns" published by the Bureau of the Census; "Occupational Analyses" prepared for the Social Security Administration by various State employment agencies; and the "Occupational Outlook Handbook" published by the Bureau of Labor Statistics (Tr. 6–12).

The plaintiff failed to meet the requirements for disability as set forth by the Administration in its determination of disability and SSI claims Mr. Back should be denied benefits because the record substantially reveals that he is able to perform sedentary substantial gainful activity. 20 C.F.R. §§ 404.1520(f), 416.920(f) (1982).

Although not cited by defendant in its memorandum filed April 19, 1983, there is a case appealed from this Court that has direct application to this one. *Cummins v. Schweiker,* 670 F.2d 81 (7th Cir.1982). That case compels the affirmation of the decision of the defendant Secretary here. This Judge is as uncomfortable with this result as Judge Posner was with the result there.

■ It is the responsibility of the Secretary under the Social Security Act to weigh the factual evidence and to resolve any conflicts. Judicial review of the Secretary's determinations is limited in scope by Section 205(g) of the Act, 42 U.S.C. § 405(g), which provides that the "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive..." The Supreme Court has held that "substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). It is not the function of the court in a judicial review of such an administrative action to appraise the evidence *de novo.*

■ The Secretary's decision denying benefits under the Act is supported by substantial evidence in this record and must be affirmed, and that defendant's motion for summary judgment is GRANTED. SO ORDERED.